IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EXECONLINE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:24-cv-00850 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| CRACKER BARREL OLD COUNTRY STORE, INC., | ) MAGISTRATE JUDGE FRENSLEY |
| | ) |
| Defendant. | ) |

## MEMORANDUM

Pending before the Court is Defendant Cracker Barrel Old Country Store, Inc.'s ("Cracker Barrel") Partial Motion to Dismiss Request for Punitive Damages in Amended Complaint. (Doc. No. 22). Plaintiff ExecOnline, Inc. ("ExecOnline") filed a response in opposition (Doc. No. 25), and Cracker Barrel filed a reply (Doc. No. 26). For the reasons discussed below, Cracker Barrel's motion (Doc. No. 22) is **DENIED**.

### I. FACTUAL BACKGROUND

This is a breach of contract case. On May 27, 2022, Cracker Barrel entered into an agreement with ExecOnline to purchase online development products (the "Agreement"). (Doc. No. 20 ¶ 7). The Agreement provided the following invoicing schedules given to Cracker Barrel: (1) Invoice # 1: August 1, 2022, in the amount of $547,500 ("Invoice # 1"); (2) Invoice # 2: August 1, 2023, in the amount of $547,500 ("Invoice # 2"); and (3) Invoice # 3: August 1, 2024, in the amount of $547,500 ("Invoice # 3") (*Id.* ¶ 10). The total purchase price for ExecOnline's services was $1,642,500. (*Id.* ¶ 11).

On January 6, 2023, Cracker Barrel paid $246,376 to ExecOnline as partial payment of the amount due under Invoice # 1. (*Id.* ¶ 18). Invoice # 1 was paid in full as of August 25, 2023. (*Id.*

¶ 24). On September 20, 2023, ExecOnline submitted Invoice # 2 to Cracker Barrel. (*Id.* ¶ 25). Cracker Barrel received Invoice # 2 but failed to remit payments on the amount owed, and ExecOnline notified Cracker Barrel of the past due amounts of Invoice # 2. (*Id.* ¶¶ 26-27). Cracker Barrel repudiated the Agreement related to Invoice # 3. (*Id.* ¶ 29). ExecOnline submitted Invoice # 3 to Cracker Barrel. (*Id.* ¶ 31). Cracker Barrel failed to remit payments on the amount owed under Invoice # 3. (*Id.* ¶ 32).

ExecOnline contends that the assertions made by Cracker Barrel to justify its breach of the Agreement "are facetious and in bad faith" and "Cracker Barrel seeks to avoid payment of its obligation to ExecOnline due to its own change in business strategy, and that it has willfully, intentionally, and egregiously sought to breach its contracts with ExecOnline and other vendors in order to avoid certain financial obligations and increase its profitability." (*Id.* ¶¶ 36-38). ExecOnline also contends that Cracker Barrel's breach of the Agreement "is intentional" and "a conscious decision by Cracker Barrel to try and avoid its payment obligations" that is "made for business purposes." (*Id.* ¶ 39). ExecOnline contends that "[n]ot only was Cracker Barrel's conduct that led to a breach of its contract with ExecOnline intentional and reckless, but Cracker Barrel chose not to fulfill its obligations, and instead willfully, intentionally, egregiously, and recklessly breached its contract with ExecOnline." (*Id.* ¶ 45).

ExecOnline seeks compensatory and punitive damages against Cracker Barrel for breach of the Agreement. Cracker Barrel moved to dismiss ExecOnline's request for punitive damages under Federal Rule of Civil Procedure 12(b)(6) on the grounds that ExecOnline failed to state a claim for punitive damages.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must accept as true all of the factual allegations in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III. ANALYSIS

At issue in Cracker Barrel's motion to dismiss is whether ExecOnline alleged facts in the Amended Complaint to state a claim for punitive damages. In order to prove a cause of action for breach of contract, a plaintiff must show "the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract." *Ethnix Grp., LLC v. Jiminez Distributors, Inc.*, No. 3:24-CV-00184, 2024 WL 3331639, at *2 (M.D. Tenn. July 3, 2024). Punitive damages are recoverable in a contract action "under certain circumstances" that arise in "the most egregious cases" when a plaintiff has shown that a defendant acted "intentionally, fraudulently, maliciously or recklessly." *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 211 n. 14 (Tenn. 2012). Moreover, "because punitive damages are to be

3

Case 3:24-cv-00850    Document 27    Filed 12/17/24    Page 3 of 5 PageID #: 133

awarded only in the most egregious of cases, a plaintiff must prove the defendant's intentional, fraudulent, malicious, or reckless conduct by clear and convincing evidence." *Second Ave Museum, LLC v. RDN Heritage, LLC*, No. 3:20-CV-00067, 2022 WL 323956, at *4 (M.D. Tenn. Feb. 2, 2022) (internal citation omitted).

While thin, ExecOnline has pleaded enough facts, accepted as true for Rule 12(b)(6) purposes, to state a claim for punitive damages.[1] ExecOnline alleges that Cracker Barrel's assertions to justify its breach of the Agreement are "facetious and in bath faith" and that Cracker Barrel seeks to avoid payment due under the Agreement because of "its own change in business strategy, and that it has willfully, intentionally, and egregiously sought to breach its contracts with ExecOnline and other vendors in order to avoid certain financial obligations and increase its profitability." (Doc. No. 20 ¶¶ 37-38). ExecOnline also alleges that Cracker Barrel's failure to pay amounts due under the Agreement is intentional and a "conscious decision" made "for business purposes", and that such conduct was intentional and reckless and that "Cracker Barrel chose not to fulfill its obligations and instead willfully, intentionally, egregiously, and recklessly breached its contract with ExecOnline." (*Id.* ¶¶ 39, 45).

While the record may ultimately establish that this is not one of the "certain circumstances" where punitive damages are recoverable for breach of contract, at this juncture the Court will allow ExecOnline's request for that measure of damages to proceed.

---

[1] While the parties discuss an "efficient breach" defense, the Court need not address that issue and instead limits its analysis to the allegations in the Amended Complaint.

## IV. CONCLUSION

For the reasons stated above, Cracker Barrel's Partial Motion to Dismiss (Doc. No. 22) is **DENIED**. Cracker Barrel's earlier filed partial motion to dismiss (Doc. No. 13) is also **DENIED** as moot.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE